1                                                          HONORABLE RICHARD A. JONES

2

3

4

5

6

7

8

9
                              UNITED STATES DISTRICT COURT
10                          WESTERN DISTRICT OF WASHINGTON
                                       AT SEATTLE
11

12   MIRA OWNERS ASSOCIATION,

13              Plaintiff,
                                               CASE NO. C10-630RAJ
14         v.
                                               ORDER
15   JEFF LAWRENCE, et al.,

16              Defendants.

17

18                          I.      INTRODUCTION

19         This matter comes before the court on cross-motions for summary judgment (Dkt.

20   ## 22, 27).  Neither party requested oral argument on either motion, and the court finds

21   the motions suitable for disposition on the basis of the parties' briefing and supporting

22   evidence.  For the reasons explained below, the court GRANTS IN PART and DENIES

23   IN PART the Plaintiff's motion (Dkt. # 22), and GRANTS IN PART and DENIES IN

24   PART the Defendant's motion (Dkt. # 27).

25                          II.      BACKGROUND

26         Defendant Jeff Lawrence and his former wife owned a condominium in Kirkland,

27   and became delinquent on payments for assessments and other obligations to the

28   ORDER – 1

condominium association, Plaintiff Mira Owners Association ("Mira"), in November 2008.  Mr. Lawrence had also failed to pay federal income tax, and the Internal Revenue Service ("IRS") assessed the tax obligation on March 17, 2008.  *See* Fordham Decl. (Dkt. # 22-1), Ex. A.  The IRS did not record a notice of federal tax lien in the amount of $21,011.80 until January 16, 2009.  Mr. Lawrence has remained delinquent as to assessments owed to Mira.

   Mira filed this lawsuit to foreclose on its lien for unpaid assessments and also sought an order declaring that its lien is superior to the federal tax lien.  Mira filed a motion for summary judgment regarding those two issues; the United States does not oppose Mira's motion regarding the foreclosure of Mira's lien, but cross-moved for summary judgment regarding the superiority of its tax lien.

### III.    ANALYSIS

**A.    Legal Standards.**

Summary judgment is appropriate if the moving party establishes that there is no genuine dispute of material fact and that the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a).

**B.    Mira is Entitled to an *In Rem* Judgment and an *In Personam* Judgment.**

Mira's request for a foreclosure decree is largely unopposed.  Mr. Lawrence opposes the request insofar as Mira, by seeking both an *in rem* judgment and an *in personam* judgment for the unpaid condominium assessments, seeks double recovery. Mr. Lawrence does not object to the amount of either judgment.  As Mira points out in its Reply, however, the Washington Condominium Act provides for both a lien against a unit for unpaid assessments, as well as a judgment against the unit owner individually. *See* RCW 64.34.264(1) and (12).  The condominium declaration in this case specifically provides that its remedies for delinquent assessments are cumulative and may be pursued

ORDER – 2

in any order or concurrently.  *See* Scheel Decl. (Dkt. # 22), Ex. D at Sec. 17.11.  Thus, Mira will not obtain double recovery because the remedies are cumulative.

Mr. Lawrence's Opposition also notes that he has manifested an intent to surrender the unit in bankruptcy, but stops short of asserting that he has actually surrendered the property.   Mr. Lawrence continues to be personally liable for the assessments levied against the unit after he filed for bankruptcy protection on March 4, 2009.  *See* 11 U.S.C. § 523(a)(16).  Until he actually surrenders the property, Mr. Lawrence remains personally liable, as he himself notes.  *See* Pltf.'s Opp'n (Dkt. # 25) at 4 (citing 11 U.S.C. § 523(a)(16)).

**C.    Mira's Lien is Superior to the Federal Tax Lien For Sums Due Before January 16, 2009, but is Otherwise Inferior.**

Washington law provides that condominium associations have "a lien on a unit for any unpaid assessments levied against a unit from the time the assessment is due."  RCW 64.34.364(1).  The lien need not be recorded to be perfected.  *See* RCW 64.34.364(7).  The association's lien is superior to all other liens and encumbrances on a unit except, *inter alia*, "liens for real property taxes and other governmental assessments or charges against the unit."  RCW 64.34.364(2)(c).

In general, the lien that is "first in time is the first in right."  *United States v. New Britain*, 347 U.S. 81, 84 (1954).   A tax lien arises automatically when the tax amount is assessed as owing, and it has priority over most other liens even if it is not recorded.  *See* 26 U.S.C. § 6323.  In particular, an unrecorded tax lien has priority over competing liens that are not perfected.  *See New Britain*, 347 U.S. at 86 ("[T]he priority of each statutory lien contested here must depend on the time it attached to the property in question and became choate.").

Mira's motion requests that the court enter an order foreclosing Mr. Lawrence's interest in the condominium in order to pay debts as documented in a spreadsheet

ORDER – 3

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

attached to the Scheel Declaration.  *See* Scheel Decl. (Dkt. # 22-2), Ex. B.  The spreadsheet's entries range from November 1, 2008, to November 15, 2010.  *Id.*   Mira concedes that its lien is inferior to the federal tax lien for the amounts accrued after January 16, 2009 (the date the federal tax lien was recorded) due to RCW 64.34.364(2)(c), but insists it has the superior lien for the $683.87 that was owed to Mira before January 16, 2009.   The United States disagrees, contending that the tax lien arose when the underlying tax was assessed (in March 2008), which was before Mr. Lawrence had become delinquent on payments to Mira (in November 2008).

The United States' position is consistent with the general rule that tax liens attach at the time the tax is assessed — but there is an exception to that rule for security interests: "When the holder of a security interest also claims an interest in the property subject to a federal tax lien, the federal lien is deemed to have attached when the IRS files a notice of the tax lien with the proper authority, rather than when the delinquent tax was first assessed."  *United States v. Central Bank of Denver*, 843 F.2d 1300, 1306-07 (10th Cir. 1988) (citing 26 U.S.C. § 6323(a)).  But, only "choate state-created liens take priority over later federal tax liens."  *Central Bank of Denver*, 843 F.2d at 1307.  A lien is choate "when the identity of the lienor, the property subject to the lien, and the amount of the lien are established."  *United States v. Pioneer*, 374 U.S. 84, 89 (1963).  Choateness also requires that the lien holder has the right to enforce the lien summarily (i.e., without a judicial proceeding).  *See Monica Fuel v. I.R.S.*, 56 F.3d 508, 512-13 (3d Cir. 1995).[1]

The United States does not dispute that the identity of the lienor, the property subject to the lien, and the amount of lien were established with regard to Mira's lien, but contends that Mira's lien was nonetheless not choate because Mira did not take any steps

---

[1] Though Mira argues that *Monica Fuel*'s choateness requirement (that a choate lien be summarily enforceable) applies only to state-created *tax* liens, the *Monica Fuel* court imposed no such limitation on its holding.  Furthermore, as noted in *Monica Fuel*, the United States Supreme Court has made passing reference to the "summarily enforceable" choateness requirement in a case that does not involve a state-created *tax* lien.  *See United States v. McDermott*, 507 U.S. 447, 453 n.5 (1993).

ORDER – 4

to enforce the lien until after the federal tax lien was recorded.  In order to determine whether Mira's lien was summarily enforceable on or before January 16, 2009, the court must consider the state statutory scheme providing for liens for condominium association assessments, RCW 64.34.364.  That statute provides that assessment liens automatically attach at the time the assessment is due, and specifies nonjudicial and judicial methods of foreclosing on the lien.  *See* RCW 64.34.364 (5) and (9).  Nonjudicial foreclosure of an assessments lien is permitted if the condominium declaration contains certain provisions, including a power of sale.  *See* RCW 64.34.364(9).

By bringing this action, Mira has sought to enforce its lien judicially, rather than pursuing nonjudicial foreclosure.  That Mira opted for judicial enforcement does not negate Mira's right to enforce its lien nonjudicially, however, given that the condominium declaration complies with RCW 64.34.364(9).  *See* Scheel Decl. (Dkt. # 22), Ex. D at Sec. 17.3.  The United States has apparently overlooked Mira's right to nonjudicial foreclosure, given that it argues that Mira's lien "will not be enforceable [against the condominium unit] unless and until Plaintiff is granted the relief it requests in the above-captioned foreclosure action."  Def.'s Reply (Dkt. # 29) at 3.  But, because Mira had the ability to enforce the lien via nonjudicial foreclosure at any time after the lien arose, it follows that Mira's lien was choate and therefore superior before January 16, 2009.

But after January 16, 2009 — after the United States recorded its tax lien — the federal tax lien became the superior lien under RCW 64.34.364(2), which provides that a lien for condominium assessments is inferior to a lien for governmental assessments against the unit.  Because the federal lien attached on January 16, 2009, the United States' lien is superior after that date.

ORDER – 5

### IV.    CONCLUSION

For the foregoing reasons, the court GRANTS IN PART and DENIES IN PART both motions (Dkt. ## 22, 27), and ORDERS as follows:

(1)    The Plaintiff is the holder of a security interest under 26 U.S.C. § 6323(a), a lien upon the land and premises described as

> UNIT 305, BUILDING C, MIRA, A CONDOMINIUM, ACCORDING TO THE DECLARATION RECORDED UNDER RECORDING NO. 20060308001550, AND ANY AMENDMENTS THERETO, AND SURVEY MAP AND PLANS IN VOLUME 214 OF CONDOMINIUM PLATS, ON PAGE(S) 55 THROUGH 62, RECORDS OF KING COUNTY, WASHINGTON; SITUATE IN THE COUNTY OF KING, STATE OF WASHINGTON; ASSESSOR'S PROPERTY TAX PARCEL OR ACCOUNT NUMBER: 555400-0420-01;

(2)    The Plaintiff's lien for unpaid condominium assessments and related charges is superior to the federal tax lien for amounts owed before January 16, 2009, which total $683.87;

(3)    The United States' lien is superior to the Plaintiff's lien for amounts accruing after January 16, 2009;

(4)    The Plaintiff is entitled to entry of judgment *in personam* for post-petition and non-dischargeable assessments, late charges, and title report (plus interest, attorney fees, and costs) against Defendants Jeff Lawrence and Jane Doe Lawrence and their marital community; and judgment *in rem* against the unit owned by Mr. Lawrence for the assessments, late charges, and title report (plus interest, attorney fees, and costs);

(5)    The Plaintiff shall file, no later than February 22, 2011, a proposed judgment that is consistent with the rulings in this order, and reflects the current amount of principal, interest, attorney fees and costs as mentioned in the previous paragraph

ORDER – 6

(along with the supporting documentation of those amounts).  The judgment shall be
entered thereafter.

      DATED this 16th day of February, 2011.

The Honorable Richard A. Jones
United States District Judge

ORDER – 7